IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0612-L |
| | § | |
| WACHOVIA CORPORATION | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Wachovia Corporation ("Wachovia") has filed a motion to dismiss this *pro se* disability and national origin discrimination case brought under a variety of federal statutes, including the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Titles II & VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a & 2000e, *et seq*. For the reasons stated herein, the motion should be granted.

I.

Plaintiff Amanda U. Ajuluchuku, who has impaired motor skills due to a brain injury, alleges that she was discriminated against by employees of a Wachovia bank in Atlanta, Georgia on November 14, 2005. Although the precise nature of her claim is difficult to decipher, it appears that plaintiff was forced to stand for more than 30 minutes while a teller processed a $200.00 cash advance from a credit card issued by another bank. (*See* Plf. Compl. at 2-3, ¶¶ 1-9). Because plaintiff was made to stand for an extended period of time, she suffered a seizure and did not realize her credit card had been charged twice for a total of $400.00. (*Id.* at 3, ¶¶ 7-8). Although the mistake was corrected, plaintiff believes the Wachovia teller discriminated against her on the basis

of her disability and national origin.[1]  (*Id.* at 3, ¶ 9).  Plaintiff further alleges that she fell outside the bank due to the seizure suffered during this transaction, fracturing her ankle and toe.  (*Id.* at 3, ¶ 10).  By this suit, plaintiff seeks $9 trillion in compensatory and punitive damages.  (*Id.* at 6).

Wachovia now moves to dismiss this case on multiple grounds, including res judicata.[2]  According to Wachovia, plaintiff filed a virtually identical action based on the same facts that was dismissed by a North Carolina federal court on March 12, 2006.  *Ajuluchuku v. Wachovia Corp.*, No. 3:05-CV-532-C, 2006 WL 406602 (W.D.N.C. Feb. 17, 2006), *rec. adopted*, 2006 WL 659470 (W.D.N.C. Mar. 12, 2006).  Plaintiff has filed a written response to the motion and this matter is ripe for determination.

II.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted."  *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997) (citation omitted).  The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Nevertheless, dismissal is proper "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

A.

Wachovia argues that plaintiff's claims are barred by res judicata.  The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been

---

[1] Plaintiff does not specify her national origin.  Rather, she alleges only that African-American females, like the Wachovia teller, "have long exhibited terrorism, wickedness, and obsession towards my family."  (Plf. Compl. at 2).

[2] Wachovia also seeks dismissal for failure to state a claim upon which relief can be granted and for improper venue.

raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*,126 S.Ct. 1662 (2006), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The test for res judicata has four elements: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

B.

All four requirements of res judicata are clearly met here. This is the second case filed by plaintiff accusing Wachovia of disability and national origin discrimination during a transaction that occurred at a bank in Atlanta, Georgia on November 14, 2005. The prior lawsuit, filed in North Carolina federal court, was dismissed on the merits by a final judgment entered less than four weeks

before plaintiff filed this action in the Northern District of Texas.  To the extent plaintiff asserts additional claims in the instant case, such as for personal injury damages under the Federal Tort Claims Act, the Contract Act of 1872, and Texas common law, those claims arise out of the same transaction that was the subject of the North Carolina litigation and could have been raised in that lawsuit.  Consequently, plaintiff's claims are barred by res judicata.  *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

### III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such power is the authority to levy sanctions in response to abusive litigation practices.  *Id.*  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).  Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period."  *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).  Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions.  *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Plaintiff is no stranger to the civil justice system. In just the past three years, plaintiff has filed nearly 200 lawsuits in various federal courts across the country, including seven in the Northern District of Texas. (*See* Def. App., Exh. C). While the court lacks the time and resources to extensively review each case, a random sampling indicates that the vast majority of these lawsuits were dismissed as frivolous or for failure to state a claim. Yet plaintiff continues to file frivolous actions in federal courts throughout the United States. As a result of this vexatious conduct, district courts in Massachusetts, Maryland, and the Western District of Washington instituted pre-filing screening restrictions, which plaintiff has attempted to circumvent by filing the same or similar actions in other district courts. This conduct has prompted at least two courts to prohibit plaintiff from proceeding *in forma pauperis* in any other civil actions. *See Ajuluchuku v. Yum! Brand, Inc., Ltd.*, No. 3-05-CV-826-H, 2006 WL 1523218 at *3 (W.D. Ky. May 23, 2006); *Ajuluchuku v. Southern New England School of Law*, No. 1-05-MI-0251, op. at 28 (N.D. Ga. Nov. 14, 2005). Another court has warned plaintiff that future frivolous filings may result in the imposition of Rule 11 sanctions. *Ajuluchuku v. Boeing Co.*, No. 1-05-CV-4548 (N.D. Ill. Dec. 23, 2005).

Undeterred by these sanctions and warnings, plaintiff has managed to come up with money to pay the statutory filing fee for additional frivolous lawsuits, including this one against Wachovia filed just weeks after the dismissal of a virtually identical case. This leads the court to conclude that plaintiff was aware her complaint lacked merit and had little or no chance of success. Under these circumstances, additional sanctions are necessary to deter misuse of the judicial system. Accordingly, plaintiff should be sanctioned $250.00 and barred from filing any civil actions in federal district court until this sanction is paid.

**RECOMMENDATION**

Defendant's motion to dismiss [Doc. #8] should be granted and this case should be dismissed with prejudice. In addition, plaintiff should be sanctioned $250.00 and barred from filing any civil actions in federal district court until this sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  July 5, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE